**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO MIRALRIO-REBOLLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-21-1

Before DAVIS, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Arturo Miralrio-Rebollar (Miralrio) appeals his guilty plea conviction of conspiracy to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He argues for the first time on appeal that there was an insufficient factual basis to support his guilty plea to the firearms offense. He also argues that, in light of his assertion that the factual basis for his plea was insufficient, his guilty plea was not knowing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and voluntary or, alternatively, that his counsel rendered ineffective assistance by advising him to plead guilty to the offense.

Because Miralrio did not object to the sufficiency of the factual basis supporting his guilty plea to the firearms offense below, review is for plain error. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). When reviewing a FED. R. CRIM. P. 11 error for plain error, this "court may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

The possession of a firearm "is 'in furtherance' of [a] drug trafficking offense when it furthers, advances, or helps forward that offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir.), *amended on other grounds*, 226 F.3d 651 (2000). Some of the factors this court considers in determining whether a possession is "in furtherance" of a drug trafficking offense include the following: (1) the type of drug activity that is being conducted, (2) the accessibility of the firearm, (3) the type of the weapon, (4) whether the weapon is stolen, (5) the status of the possession (legitimate or illegal), (6) whether the gun is loaded, (7) proximity of the weapon to drugs or drug profits, and (8) the time and circumstances under which the gun is found. *Id.* at 414-15.

Miralrio pleaded guilty to the indictment which charged that he had possessed the gun in furtherance of the methamphetamine conspiracy charged in the indictment. The Government's cooperating witness told investigators that Miralrio used horse vitamins to cut the methamphetamine that he received prior to distributing the drugs, and investigators found "buckets" of horse vitamins in Miralrio's residence. As part of his factual basis, Miralrio admitted that the horse vitamins were used to cut methamphetamine. Investigators recovered a Smith and Wesson, Model 908, 9mm pistol stuffed "between the sofa seat cushion and the armrest" of the sofa in Miralrio's residence. The gun was loaded and easily accessible. The Government's cooperating witness admitted seeing Miralrio with the gun during prior drug transactions. Finally, Miralrio's

possession of the weapon is unlawful due to his immigration status as an undocumented person who cannot legally possess a firearm.

The record as a whole establishes on plain error review a sufficient factual basis for Miralrio's plea. *See id.* at 410-11; *see also United States v. Dyer*, 136 F.3d 417, 425 n.13 (5th Cir. 1998). Accordingly, Miralrio has not established that the district court plainly erred by accepting his guilty plea to the firearms offense. *See Marek*, 238 F.3d at 315.

Because the record as a whole provides a sufficient factual basis for the guilty plea, Miralrio's remaining claims are without merit. Accordingly, the judgment is AFFIRMED.